UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DERRICK RAY SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-CV-146-SNLJ |
| IAN WALLACE, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Derrick Ray Smith's Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Docket No. 104). Defendants have not responded to the motion, and the time for doing so has passed. The motion will be denied.[1]

On October 12, 2016, this Court dismissed plaintiff's cause of action under Federal Rule of Procedure Rule 41(b) due to plaintiff's failure to prosecute his case. (Docket No. 102). Specifically, the Court determined that plaintiff refused to appear for his own deposition despite defense counsel and a court reporter appearing at his place of incarceration at the pre-determined time. The Court concluded that plaintiff's failure to attend his own deposition was in contravention of this Court's Case Management Order, which justified sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. The Court also noted that, although plaintiff had filed numerous documents with the Court in the preceding month, he had not responded in any way to the defendants' motion to dismiss.

---

[1] On October 31, 2016, plaintiff filed a Notice of Appeal. Normally, the filing of a notice of appeal divests the district court of control over the case. *Liddell by Liddell v. Board of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996). In the context of a Rule 60(b) motion (which is similar to a Rule 59(e) motion as is pending here), a district court may consider the motion "on the merits and deny it even if an appeal is already pending in this court" but a remand of the case is necessary if the district court decides to grant the motion. *Hunter v. Underwood*, 362 F.3d 468 (8th Cir. 2004).

In the instant motion, filed October 24, 2016, plaintiff argues that defendants' notice of deposition violated Rule 30(b) and this Court's Case Management Order because both required "reasonable notice" of the deposition, and defendants gave him only twelve "working" days' notice. (Docket No. 104 at 2). Citing no authority, plaintiff contends that thirty days' notice is required to be deemed "reasonable", absent a showing of a need for haste. (*Id.*). Plaintiff also suggests that defendants lacked leave of Court to take his deposition. Plaintiff's arguments are unavailing.

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (*quoting Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions do not allow a party to re-litigate matters previously resolved by the court or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

Upon review of the instant motion, the Court concludes that it fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit old arguments, or attempt to raise new ones without providing good cause for the failure to raise them prior to the entry of judgment. Plaintiff is therefore not entitled to relief under Rule 59(e). *See id.*

The arguments plaintiff raises would be unavailing even if plaintiff had raised them at an appropriate time. Plaintiff contends that defendants' notice of deposition was not "reasonable" because it was not given thirty days prior to deposition. While it is true that a party must give "reasonable written notice" of the taking of a deposition, there is no authority for the conclusion

that notice of fewer than thirty days is per se unreasonable. In fact, the determination of whether the notice given can be deemed "reasonable" is highly fact-specific, and depends upon the circumstances of the particular case. Notice of a single day has been approved in some cases, notice of two days was deemed unreasonable in others absent some showing of a need for haste, and notice of six or eight days has been upheld. *See* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2111 at p. 519-20 (3d ed.); *Pearl v. Keystone Consol. Industries, Inc.*, 884 F.2d 1047 (7th Cir. 1989) (six days' notice was reasonable); *United States v. Acambaro Mexican Restaurants, Inc.*, No. 08-50009, 2008 WL 509467, at *1 (W.D. Ark. Feb. 22, 2008) (seven days' notice was reasonable), *United States v. Reyes*, No. 08-50007, 2008 WL 509546 (W.D. Ark. Feb. 22, 2008) (same); *Jones v. United States,* 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (eight days' notice was reasonable).

In the case at bar, plaintiff contends that defendants mailed the notice of deposition on August 12, 2016, that he received it on August 15, 2016, and the deposition was scheduled for August 30, 2016. (Docket No. 104 at 2). The deposition was scheduled to be held at the institution at which plaintiff was incarcerated, necessitating no travel or special arrangements on his part. Taking plaintiff's contention regarding his receipt of the notice as true, he received it fifteen days before the deposition was scheduled to be held. While plaintiff contends that he needed time to prepare, he does not explain, nor is it apparent to the Court, why fifteen days' notice was insufficient preparation time, or how a longer period of time would have rendered him able to sufficiently prepare. Finally, this Court's Case Management Order expressly granted defendants leave of court to depose plaintiff, (Docket No. 56, ¶ 5), defeating plaintiff's argument that defendants lacked such leave. The Court therefore concludes that plaintiff's motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Docket No. 104) is **DENIED**.

Dated this 29th day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE